UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY A. FRADIUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. CV 07-4533 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.　SUMMARY**

　　On July 17, 2007, plaintiff Mary A. Fradiue ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

　　This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 19, 2007 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand because the finding of the Administrative Law Judge ("ALJ") that plaintiff could perform her past relevant work was predicated upon a vocational expert's response to incomplete hypothetical questions which did not include all of plaintiff's limitations.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 21, 2003, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 56-58). Plaintiff asserted that she became disabled on June 8, 2002, due to spinal injury, lower back and left shoulder injury, and pain in both legs. (AR 56, 64). The ALJ examined the medical record and heard testimony from plaintiff (who was not then represented by counsel) on January 20, 2004. (AR 472-90). On September 20, 2004, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 230-34). On February 15, 2005, the Appeals Council vacated the ALJ's decision and remanded the case for further consideration. (AR 237-40). At a second hearing on November 28, 2005, the ALJ granted plaintiff a postponement to obtain counsel. (AR 491-95). The ALJ thereafter again examined the medical record and on February 23, 2006, held a third hearing at which a vocational expert and plaintiff (who was represented by counsel) testified. (AR 437-71).

On May 19, 2006, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 14-18). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: lumbar spine strain and left shoulder strain (AR 15, 17); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 15, 17); (3) plaintiff retained the residual functional capacity to perform her

past relevant work (AR 17, 18);[1] and (4) plaintiff's allegations regarding her limitations were not totally credible. (AR 17).

The Appeals Council denied plaintiff's application for review on June 18, 2007. (AR 7-9).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

///

---

[1] Specifically, the ALJ found that plaintiff: (i) could lift 25 pounds frequently and 50 pounds occasionally; (ii) could stand and/or walk six hours in an eight-hour workday; (iii) could sit six hours in an eight-hour workday; (iv) was limited to occasional climbing, balancing, stopping, kneeling, crouching, and crawling; (v) could perform no more than occasional overhead reaching and/or pushing and pulling with the non-dominant left upper extremity; (vi) could not perform repetitive motion of the neck and shoulder; (vii) could not perform repetitive lifting above shoulder level; and (viii) could lift no more than 20 pounds above shoulder level. (AR 17, 18).

|   |     |                                                                          |
|---|-----|--------------------------------------------------------------------------|
| (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| (4) | Does the claimant possess the residual functional capacity to perform her past relevant work?[2] If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability). If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into

---

[2] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 416.945(a).

account the claimant's residual functional capacity, age, education, and work experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record.  See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy."  Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 416.966(d)(1) (DOT is source of reliable job information).  The DOT is the presumptive authority on job classifications.  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor.  Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social

///

Security Ruling 00-4p).[3]  In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation."  Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435).  Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony.  Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997) (as amended) (citations omitted).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

---

[3]Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).  Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  Massachi, 486 F.3d at 1152 n.6.

or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ, in concluding that plaintiff could perform her past work, improperly relied upon the vocational expert's response to incomplete hypothetical questions which did not include all of plaintiff's limitations. (Plaintiff's Motion at 11). This Court agrees.

An ALJ may, but need not rely upon the testimony of a vocational expert in making a step four determination regarding a claimant's ability to perform past relevant work. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (vocational expert's testimony useful at step four, but not required); Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ did not err at step four by failing to call vocational expert). In this case, the ALJ expressly and indisputably relied upon the vocational expert's responses to the ALJ's hypothetical questions in making the step four determination that plaintiff could perform her past relevant work.[4] (AR 17). Accordingly, the propriety of the ALJ's finding at step four is dependent upon whether the vocational expert in fact testified that a hypothetical individual with all of plaintiff's limitations and restrictions as determined by the ALJ, could perform plaintiff's past work. See Embry v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights.") (emphasis in original) (citation omitted).

///

---

[4]The ALJ stated: "At the February 2006 hearing, the vocational expert testified that a hypothetical person with the residual functional capacity assessed herein could perform the claimant's past relevant work. The claimant is therefore found to have retained the residual functional capacity to perform her past relevant work." (AR 17).

As indicated in note 1, supra, the ALJ found that plaintiff: (1) could lift 25 pounds frequently and 50 pounds occasionally ("first limitation"); (2) could stand and/or walk six hours in an eight-hour workday ("second limitation"); (3) could sit six hours in an eight-hour workday ("third limitation"); (4) was limited to occasional climbing, balancing, stopping, kneeling, crouching, and crawling ("fourth limitation"); (5) could perform no more than occasional overhead reaching and/or pushing and pulling with the non-dominant left upper extremity ("fifth limitation"); (6) could not perform repetitive motion of the neck and shoulder ("sixth limitation"); (7) could not perform repetitive lifting above shoulder level ("seventh limitation"); and (8) could lift no more than 20 pounds above shoulder level ("eighth limitation"). (AR 17, 18). However, the vocational expert was not asked to opine and did not opine that a hypothetical individual with *all* such limitations could perform plaintiff's past relevant work. (AR 466-70). Instead, the three hypothetical questions to which the vocational expert responded affirmatively (i.e., by indicating that the hypothetical person could perform plaintiff's past relevant work) were incomplete in multiple respects.

The ALJ's first such hypothetical did not include plaintiff's second, third, sixth, seventh, and eighth limitations.[5] (AR 466-67). The second such hypothetical did not include plaintiff's second, third, sixth, and seventh limitations.[6] (AR 467). In conjunction with posing the third such hypothetical,

---

[5]The hypothetical individual in the ALJ's first hypothetical question was (i) of a younger age with limited education and plaintiff's past relevant work; (ii) limited in ability to lift, carry, push, or pull no more than 50 pounds occasionally or 25 pounds frequently; (iii) limited to occasional climbing, balancing, stooping, kneeling, crouching and crawling activities; (iv) limited to no more than occasional overhead reaching with the left upper extremity – the minor arm and hand; and (v) limited to occasional pushing and pulling with the left upper extremity. (AR 466-67).

[6]The hypothetical individual in the ALJ's second hypothetical question was (i) of a younger age with limited education and plaintiff's past relevant work; (ii) limited to lifting, carrying, pushing, or pulling no more than 20 pounds occasionally or 10 pounds frequently; and

(continued...)

1  the ALJ clarified that such hypothetical question did not incorporate the
2  limitations in the earlier questions, i.e., that "we're forgetting the first two
3  hypotheticals." (AR 468). The third hypothetical did not include plaintiff's
4  second, third, fourth and fifth limitations.[7] (AR 468).

5       As none of the pertinent hypothetical questions posed to the vocational
6  expert included all of plaintiff's limitations, and as the ALJ's determination that
7  plaintiff could perform her past relevant work was predicated upon the vocational
8  expert's responses to such hypothetical questions, substantial evidence does not
9  support the ALJ's conclusion that plaintiff could perform her past relevant work.
10 Accordingly, a remand is appropriate so that the ALJ can reassess whether
11 plaintiff can perform her past relevant work either by eliciting from a vocational
12 expert a response to a complete hypothetical or based upon other substantial
13 evidence.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///

---

[6](...continued)
(iii) limited to no more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and occasional overhead reaching, pushing, and pulling with the left upper extremity. (AR 466).

[7]The hypothetical individual in the ALJ's third hypothetical question (i) was of a younger age with limited education and plaintiff's past relevant work; (ii) could not do any work which requires repetitive motion of the neck and shoulder; (iii) could not do repetitive lifting over the shoulder level of anything more than light weights of 20 and 10 pounds; (iv) could do no lifting of more than light level. (AR 468). Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 416.967(b).

**V.    CONCLUSION**[8]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[9]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  June 6, 2008

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[9] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).